# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Ventura Garcia Resendiz,<br><br>Petitioner,<br><br>v.<br><br>Pamela Bondi, et al.,<br><br>Respondents. | No. CV-26-00396-PHX-DWL (MTM)<br><br>**ORDER** |

In their response to the OSC, Respondents acknowledge "insofar as the Petition challenges Respondents' detention of Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), Petitioner appears to be a member of the Bond Eligible Class." (Doc. 6 at 7.) Respondents further acknowledge that while they oppose the request for a bond hearing, "[t]o the extent Petitioner seeks an order requiring Respondents to either immediately release Petitioner or hold a bond hearing, Respondents . . . request that any order granting Petitioner relief be consistent with what courts in this district have generally ordered in similar cases." (*Id.*) Respondents also indirectly contend that *Echevarria* was wrongly decided. (*Id.* at 2-4.) Given this backdrop, the Court concludes (consistent with the OSC) that the Petition should be granted, at a minimum, for the reasons set forth in *Echevarria*. Finally, the Court is unpersuaded by Respondents' request to postpone the bond hearing based on claims of, effectively, administrative inconvenience.

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

2. Respondents must provide Petitioner a bond redetermination hearing within seven days or release Petitioner from custody under the same conditions that existed before detention.

3. Respondents must provide a notice of compliance within three days of releasing Petitioner or providing a bond hearing.

4. Any pending motions are denied as moot and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 2nd day of February, 2026.

Dominic W. Lanza
United States District Judge